UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA LENZ, et al.,

    Plaintiffs,

v.                                               Case No. 8:19-cv-2950-T-60AEP

THE MICHAELS ORGANIZATION,
LLC, et al.,

    Defendants.
_____/

**ORDER DENYING "DEFENDANT AMC EAST COMMUNITIES'
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT"**

This matter is before the Court on "Defendant AMC East Communities' Motion to Dismiss Plaintiffs' Amended Complaint," filed on April 30, 2020. (Doc. 42). On June 1, 2020, Plaintiffs filed a response in opposition. (Doc. 44). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

Plaintiffs are members of the United States Military and their spouses that are currently or formerly housed at MacDill Air Force Base ("MacDill AFB") in Tampa, Florida. According to Plaintiffs, Defendant Clark MacDill Design Build ("Clark") failed to properly design and build their homes, and Defendants AMC East Communities, LLC ("AMC"), The Michaels Organization, LLC ("Michaels"), Michaels Management Services, Inc. ("MMS"), and Interstate Realty Management Company ("Interstate") failed to maintain and manage their housing, which has resulted in widespread and well-known problems with mold and led to serious

injuries and safety issues for Plaintiffs, prospective class members, and their families.  Plaintiffs allege numerous causes of action against Defendants, including: breach of contract (Count I), breach of the implied warranty of habitability (Count II), violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") (Count III), negligence (Count IV), gross negligence (Count V), and unjust enrichment (Count VI).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff."  *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions

or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

AMC moves to dismiss the amended complaint, arguing several grounds for relief, including: the complaint constitutes a shotgun pleading; Plaintiffs failed to plead sufficient information about the lease agreements and attach the lease agreements to the amended complaint; Plaintiffs have failed to sufficiently state claims for relief; and Plaintiffs have failed to sufficiently allege the requisite class allegations.

### *Shotgun Pleading*

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

> (3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and
>
> (4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Upon review, the Court finds that the amended complaint does not constitute a shotgun pleading. Although the complaint is lengthy and each count incorporates all prior factual allegations, the Court finds that the complaint is sufficiently pled and gives Defendants, including AMC, notice of the claims against them. Additionally, each individual Plaintiff is not required to separately plead a distinct claim against each individual Defendant, particularly in a purported class action complaint. The motion to dismiss is denied as to this ground.

### *Failure to Attach Lease Agreements*

In the motion, AMC argues that the amended complaint should be dismissed due to Plaintiffs' failure to sufficiently plead the dates of the leases or attach the leases to the amended complaint. The Court disagrees.

A breach of contract claim does not need to be pled with particularity. Rather, a breach of contract claim only needs to comply with Rule 8. *Pals Group, Inc. v. Quiskeya Trading Corp.*, Case No. 16-23905-CIV-GOODMAN, 2017 WL

3840359, at *3 (S.D. Fla. Sept. 1, 2017) (citing *Manicini Enterprises, Inc. v. American Exp. Co.*, 236 F.R.D. 695, 698 (S.D. Fla. 2006)).  To state a breach of contract claim, "the plaintiff must allege: (1) a valid contract, (2) a material breach, and (3) damages.  Any remaining inquiries which defendants may have concerning the specific terms of the alleged contracts may be resolved through the discovery process." *Id.* (internal quotation and alteration omitted); *see also Pegasus Aviation IV, Inc. v. Aircraft Composite Technologies, Inc.*, Case No. 1:16-cv-21255-UU, 2016 WL 3390122, at *4 (S.D. Fla. June 17, 2016) (explaining that because rule 8 does not require the greatest specificity, a plaintiff only needs to allege enough facts to plausibly show the defendant breached the contract); *Great American Ins. Co. v. Pino Kaoba & Associates, Inc.*, Case No. 08-20847-CIV-DIMITROULEAS, 2008 WL 11333253, at *2-3 (S.D. Fla. Dec. 8, 2008) (explaining that a plaintiff asserting a breach of contract claim does not need to allege the date that the contract was entered into or terms such as date of completion, nature of work, or payment).

In this case, the amended complaint contains sufficient allegations to put AMC on notice as to the nature of the claim and the relief Plaintiffs seek.  The alleged facts satisfy the simple notice pleading requirements of Rule 8(a), and any remaining inquiries concerning the specific terms of the alleged contract may be resolved through discovery.  Plaintiffs' failure to make detailed factual allegations concerning the dates and specific terms of the alleged contract does not warrant dismissal.  *See Manicini*, 236 F.R.D. at 698.

Furthermore, when asserting a breach of contract claim, it is well-established that in federal court, a plaintiff is not required to attach a copy of the contract to the complaint. *See, e.g., Yencarelli v. USAA Casualty Co.*, Case No. 8:17-cv-2029-T-36AEP, 2017 WL 6559999, at *2 (M.D. Fla. Dec. 22, 2017) ("It is adequate for Plaintiff to allege that a contract exists, without attaching the contract to the complaint in federal court."); *TaiDoc Technology Corp. v. Pharma Supply, Inc.*, Case No. 13-80682-CIV-RYSKAMP/HOPKINS, 2013 WL 12383787, at *2 (S.D. Fla. Aug. 29, 2013) ("The Federal Rules of Civil Procedure do not require the attachment of the contract sued upon."); *Manicini*, 236 F.R.D. at 698 (holding that the plaintiff's failure to attach purported written contracts to complaint did not warrant dismissal for failure to state a claim). As such, Plaintiffs are not required to attach a copy of the written lease agreements to support their claims. The motion to dismiss is denied as to these grounds.

*Count II – Breach of Implied Warranty of Habitability*

AMC contends that Count II must be dismissed because Plaintiffs have failed to allege ultimate facts showing the existence of valid lease agreements and attach copies of the lease agreements that would give rise to any implied warranties. AMC also argues that Plaintiffs have failed to establish that they complied with the necessary conditions to assert a breach of habitability claim as set forth in § 83.201, *F.S.*

As the Court previously discussed, Plaintiffs have sufficiently alleged the existence and terms of the lease agreements, and they are not required to attach

their leases to the complaint. To the extent AMC argues that Plaintiffs have failed to give appropriate notice before bringing this suit, the Court finds that the statute cited by AMC applies to nonresidential tenancies rather than residential tenancies. Furthermore, even if such notice were required, Plaintiffs actually allege that they provided notice of the mold and moisture issues to AMC. The motion to dismiss is denied as to these grounds.

### *Count V – Gross Negligence*

AMC argues that Plaintiffs have failed to sufficiently allege a gross negligence claim. Specifically, AMC contends that Plaintiffs have failed to identify any act or omission of AMC that would support a claim for gross negligence, particularly because AMC affirmatively took actions in response to the alleged mold complaints.

In this case, Plaintiffs have alleged numerous acts and omissions that could support a finding of gross negligence – namely, that Plaintiffs raised concerns about the conditions of their houses to AMC, including the presence of mold, and that AMC did not properly address those concerns. Although AMC contends that it affirmatively took actions – including remedial measures – the Court cannot at this stage of the proceedings determine whether those actions were adequate in any meaningful way. The motion to dismiss is denied as to this ground.

### *Count VII – Unjust Enrichment*

In its motion, AMC contends that Plaintiffs have failed to properly plead an unjust enrichment claim because they assert that they entered into lease

agreements with AMC.  AMC also argues that Plaintiffs have impermissibly comingled the claims of multiple Plaintiffs against multiple Defendants, they have failed to attach the required contracts, they have failed to allege the exact amounts claimed by each Plaintiff, and they have failed to allege circumstances that would make retention of the rental payment inequitable.

Plaintiffs are entitled to assert an alternative theory of unjust enrichment at this stage of the proceedings.  *See, e.g., Shibata v. Lim*, 133 F. Supp. 2d 1321, 1320 (M.D. Fla. 2000) ("[B]oth the Federal Rules of Civil Procedure and Florida law permit a party to allege, in the alternative, recovery under an express contract and seek equitable relief under the theory of unjust enrichment.").  Moreover, the Court finds that Plaintiffs have sufficiently alleged an unjust enrichment claim here.  As such, the motion to dismiss is denied as to these grounds.

*Class Action Allegations*

AMC argues that Plaintiffs' class action allegations are insufficient as a matter of law.  Plaintiffs assert that the class certification arguments are premature.  The Court agrees.  Because the Court has granted an extension of time for Plaintiffs to file a motion for class certification, and such motion has not been filed at this time, the Court declines to address these class certification arguments now. AMC is not precluded from raising these issues in its opposition to any class certification motion that is eventually filed.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant AMC East Communities' Motion to Dismiss Plaintiffs' Amended Complaint" (Doc. 42) is hereby **DENIED**.

(2) Defendant AMC East Communities is directed to file an answer on or before October 7, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>23rd</u> day of September, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**