UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA LENZ, et al.,

    Plaintiffs,

v.                                                         Case No. 8:19-cv-2950-T-60AEP

THE MICHAELS ORGANIZATION,
LLC, et al.,

    Defendants.
_____/

## ORDER DENYING "CLARK MACDILL DESIGN BUILD, LLC'S MOTION TO DISMISS CORRECTED AMENDED CLASS ACTION COMPLAINT"

This matter is before the Court on "Clark MacDill Design Build, LLC's Motion to Dismiss Corrected Amended Class Action Complaint," filed on July 2, 2020. (Doc. 51). On July 16, 2020, Plaintiffs filed a response in opposition. (Doc. 52). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background

Plaintiffs are members of the United States Military and their spouses that are currently or formerly housed at MacDill Air Force Base ("MacDill AFB") in Tampa, Florida. According to Plaintiffs, Defendant Clark MacDill Design Build ("Clark") failed to properly design and build their homes, and Defendants AMC East Communities, LLC ("AMC"), The Michaels Organization, LLC ("Michaels"), Michaels Management Services, Inc. ("MMS"), and Interstate Realty Management Company ("Interstate") failed to maintain and manage their housing, which has

resulted in widespread and well-known problems with mold and led to serious injuries and safety issues for Plaintiffs, prospective class members, and their families. Plaintiffs allege numerous causes of action against Defendants, including: breach of contract (Count I), breach of the implied warranty of habitability (Count II), violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count III), negligence (Count IV), gross negligence (Count V), and unjust enrichment (Count VI).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions

or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Clark moves to dismiss the complaint, arguing several grounds for relief, including: Plaintiffs do not possess the requisite standing to pursue their claims; Plaintiffs have failed to sufficiently state claims; the complaint constitutes a shotgun pleading; and Plaintiffs have failed to sufficiently allege the requisite class allegations.

***Standing and Factual Allegations Concerning Construction***

Clark contends that under the facts of the complaint, Plaintiffs do not have standing to bring suit. Specifically, Clark argues that there is no specific allegation that the homes leased by Plaintiffs were actually designed and constructed by Clark. Clark also argues that the failure to identify whether the units they lived in were constructed by Clark, by the USAF, or by another party renders the complaint factually deficient.

Upon careful review of the complaint, the Court finds that the complaint contains allegations that Clark built Plaintiffs' homes. *See* (Doc. 41 at ¶¶ 3, 8, 35, 54-61, 335, 348). At this stage of the proceedings, based on the record before the Court, it would be inappropriate to resolve the factual question as to whether Clark actually constructed the homes or otherwise address the merits. The allegations of the complaint are sufficient to confer standing and to state claims against Clark. As such, the motion to dismiss is denied as to these grounds.

*Negligence and Gross Negligence*

Clark argues that Plaintiffs have failed to sufficiently allege their negligence and gross negligence claims against it, primarily because Plaintiffs have failed to demonstrate that the homes were actually constructed by Clark. Clark also argues that although Plaintiffs allege that the housing contained "hidden defects" that resulted in moisture, they also claim that AMC East Communities (the owner) was aware of the alleged hidden defects. If so, Clark argues that this allegation frees it from any liability that would otherwise be imposed to third-party tenants resulting from latent defects, citing to *Slavin v. Kay*, 108 So. 2d 462, 463 (Fla. 1959), and its progeny.

In this case, Plaintiffs have alleged numerous acts and omissions that could support a finding of negligence and/or gross negligence – namely, that the homes designed and constructed by Clark contained numerous hidden defects that contributed to the moisture, mold, and dangerous conditions of the homes, and that Clark should have known that the homes were not designed or constructed properly. In addition, the *Slavin* doctrine does not preclude claims against Clark. Plaintiffs clearly allege that the defects were latent. *See Slavin,* 108 So. 2d at 466 (holding that a plaintiff may pursue claims against a contractor based on latent defects even after the work has been accepted by the owner); (Doc. 41 at ¶¶ 56, 335, 339, 348, 352). The motion to dismiss is denied as to these grounds.

*Comingling of Claims and Shotgun Pleading*

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Upon review, the Court finds that the amended complaint does not constitute a shotgun pleading. Although the complaint is unnecessarily lengthy, and incorporates all prior factual allegations, the Court finds that the complaint is

sufficient to give Defendants notice of the claims against them.  Additionally, each Plaintiff is not required to separately plead a distinct claim against each Defendant.  The motion to dismiss is denied as to this ground.

*Class Action Allegations*

Clark argues that Plaintiffs' class action allegations are insufficient as a matter of law.  Plaintiffs assert that the class certification arguments are premature.  The Court agrees.  Because the Court has granted an extension of time for Plaintiffs to file a motion for class certification, and such motion has not been filed at this time, the Court declines to address these class certification arguments now.  Clark is not precluded from raising these issues in its opposition to any class certification motion that is eventually filed.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Clark MacDill Design Build, LLC's Motion to Dismiss Corrected Amended Class Action Complaint" (Doc. 51) is hereby **DENIED**.

(2) Defendant Clark MacDill Design Build, LLC is directed to file an answer on or before October 30, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of October, 2020.

        **TOM BARBER**
        **UNITED STATES DISTRICT JUDGE**