UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA LENZ, et al.,

    Plaintiffs,

v.                                                                          Case No. 8:19-cv-2950-T-60AEP

THE MICHAELS ORGANIZATION,
LLC, et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANTS THE MICHAEL'S ORGANIZATION LLC, MICHAELS MANAGEMENT SERVICES, INC., AND INTERSTATE REALTY MANAGEMENT CO., INC.'S MOTION TO DISMISS AND NOTICE OF JOINDER IN DEFENDANT AMC EAST COMMUNITIES LLC'S MOTION TO DISMISS"**

This matter is before the Court on "Defendants The Michael's Organization LLC, Michaels Management Services, Inc., and Interstate Realty Management Co., Inc.'s Motion to Dismiss and Notice of Joinder in Defendant AMC East Communities LLC's Motion to Dismiss," filed on April 30, 2020.  (Doc. 43).  On June 1, 2020, Plaintiffs filed a response in opposition.  (Doc. 45).  After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

Plaintiffs are members of the United States Military and their spouses that are currently or formerly housed at MacDill Air Force Base ("MacDill AFB") in Tampa, Florida.  According to Plaintiffs, Defendant Clark MacDill Design Build ("Clark") failed to properly design and build their homes, and Defendants AMC East Communities, LLC ("AMC"), The Michaels Organization, LLC ("Michaels"), Michaels

Management Services, Inc. ("MMS"), and Interstate Realty Management Company ("Interstate") failed to maintain and manage their housing, which has resulted in widespread and well-known problems with mold and led to serious injuries and safety issues for Plaintiffs, prospective class members, and their families. Plaintiffs allege numerous causes of action against Defendants, including: breach of contract (Count I), breach of the implied warranty of habitability (Count II), violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count III), negligence (Count IV), gross negligence (Count V), and unjust enrichment (Count VI).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the

merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Defendants The Michael's Organization LLC, Michaels Management Services, Inc., and Interstate Realty Management Co., Inc. (collectively, the "Michaels Affiliates") move to dismiss the amended complaint. As grounds, the Michaels Affiliates argue that the amended complaint constitutes a shotgun pleading, and that Plaintiffs have otherwise failed to sufficiently state their negligence, gross negligence, and unjust enrichment claims. The Michaels Affiliates also adopt AMC East Communities LLC's motion to dismiss.

### *Joinder in AMC East Motion and Shotgun Pleading*

The Michaels Affiliates join in AMC East Communities LLC's Motion to Dismiss, including its argument that the amended complaint constitutes a shotgun pleading. The Court denied that motion on September 23, 2020. (Doc. 54). The Court will address the Michaels Affiliates' remaining arguments.

### *Counts IV and V – Negligence and Gross Negligence*

In the motion, the Michaels Affiliates argue that Plaintiffs fail to adequately allege the legal duties imposed on them, or how they each individually breached those duties. The Michaels Affiliates further argue that Plaintiffs cannot hold them liable as alleged agents and therefore vicariously responsible for the principals' alleged failure to perform certain affirmative duties.

Upon review, the Court finds that the amended complaint sufficiently alleges that the Michaels Affiliates had a legal duty to Plaintiffs as property managers to keep

the premises in a reasonably safe condition and remediate moisture, mold, and other dangerous conditions, and that they breached those duties because they were aware of the moisture and mold problems but failed to properly remediate or take adequate corrective action.  These counts do not seek to hold the Michaels Affiliates liable as agents for AMC East.  Rather, Plaintiffs allege that the Michaels Affiliates committed their own acts and omissions for which they are themselves liable.  The motion to dismiss is denied as to these grounds.

*Count VI – Unjust Enrichment*

In the motion, the Michaels Affiliates argue that Plaintiffs have failed to properly plead an unjust enrichment claim because they cannot allege that there was any direct benefit to the Michaels Affiliates.  The Court agrees.

"To state a claim for unjust enrichment, a plaintiff must allege that (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it." *Tilton v. Playboy Entertainment Group, Inc.*, 8:05-cv-692-T-30TGW, 2007 WL 80858, at *3 (M.D. Fla. Jan. 8, 2007).

In this case, Plaintiffs cannot sufficiently allege that they conferred a direct benefit on the Michaels Affiliates – the "administrative fees paid out of the BAH rents paid to Defendant AMC" are, at best, an indirect benefit received by the Michaels Affiliates.  *See id.* (explaining that an indirect benefit is not sufficient to support a claim for unjust enrichment).  Moreover, Plaintiffs have improperly based their unjust enrichment claim upon the wrongful conduct of the Michael's Affiliates.  *See id.*

(dismissing unjust enrichment claim based upon the wrongful conduct of defendants). Plaintiffs' right of recovery, if any, sounds in negligence. As such, the motion to dismiss is granted as to Count VI.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendants The Michael's Organization LLC, Michaels Management Services, Inc., and Interstate Realty Management Co., Inc.'s Motion to Dismiss and Notice of Joinder in Defendant AMC East Communities LLC's Motion to Dismiss" (Doc. 43) is hereby **GRANTED IN PART** and **DENIED IN PART.**

(2) The motion is **GRANTED** as to Count VI against the Michaels Affiliates.

(3) The motion is otherwise **DENIED**.

(4) The Michaels Affiliates are directed to file an answer on or before October 30, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of October, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**