UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA LENZ, TRACI LENZ,
JASON NORQUIST, AMIE
NORQUIST, RYAN MORGAN,
GARY ELBON, KAYLA ELBON,
JASON GENRICH, and JENNY
GENRICH, individually and on behalf
of all other similarly situated,

    Plaintiffs,

v.      Case No. 8:19-cv-02950-TPB-AEP

THE MICHAELS ORGANIZATION,
LLC, ET AL.,

    Defendants.
_____/

## ORDER

This cause came before the Court for hearing on December 14, 2021 upon Defendants' Motion for Protective Order to Direct the U.S. Air Force to Produce Documents Responsive to Plaintiffs' Subpoena Directly to Counsel for Defendants for Redaction of Non-Plaintiff Resident Names (Doc. 113), Plaintiffs' Motion for Entry of Protective Order and Modification of the Court's Order Entered on March 4, 2021 (Doc. 114), and Plaintiffs' Emergency Motion to Compel Discovery in Imminent Deposition Testimony and Document Production (Doc. 118). For the reasons stated at the hearing and summarized below, Defendants' Motion (Doc. 113) is denied, Plaintiffs' Motion (Doc. 114) is granted in part, and Plaintiffs' Emergency Motion (Doc. 118) is denied without prejudice.

Generally, the name and contact information of potential class members are not discoverable unless relevant to the action's claims and defenses. In *Oppenheimer Fund, Inc. v. Sanders*, the Supreme Court rejected pre-class certification discovery that involved identifying information of potential class members where the defendant sought it merely for the purpose of identifying such individuals for notice of the class action, as opposed to discovering information "relevant to the subject matter involved in the pending action." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-53 (1978). As such, the Court previously allowed Defendants to redact the names of non-named potential plaintiffs in production.

However, that is not a blanket prohibition on the discovery of the names of potential class members or potential plaintiffs. If Plaintiffs can articulate a particularized need, there is no prohibition to the production of names of current or former residents. At this time, based on the record, the Court does not find that Plaintiffs have presented a particularized need for the unredacted production of the identification of current and former residents. Additionally, the Court does not find a need to have Dawn Sousa undergo a second day of videotaped deposition. Notwithstanding the foregoing, if any dispute arises regarding the need to identify a current or former resident, the parties are required to confer and bring any unresolved disputes to the Court's attention.[1]

Also at issue before the Court is the Air Force's production of documents. The Court previously ordered the Air Force, who is subject to a non-party subpoena,

---

[1] If any issues arise during the forthcoming depositions, the parties may contact chambers.

to redact the names of any residents beyond the named Plaintiffs from its production of responsive documents (*see* Doc. 76). Under Rule 45, Federal Rules of Civil Procedure, district courts are tasked with enforcing the duty to avoid imposing an undue burden or expense upon a person subject to a subpoena, as follows:

> (1)  Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
>
> . . .
>
> 3)  Quashing or Modifying a Subpoena.
>
> (A)  When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(1),(3). In this instance, the Air Force has established that the redaction of resident names from their production imposes an undue burden on them. Therefore, the Air Force is not required to undertake the task of redacting its production.

Defendants propose that the Air Force produce its responsive documents to Defendants' third-party electronic discovery vendor to undergo redactions for resident names (*see* Doc. 3). Defendants do not point to any procedural mechanism

under the Federal Rules of Civil Procedure to have a third party produce documents to Defendants' third-party vendor, who would then redact the documents and produce them to Plaintiffs.

Additionally, Defendants' concerns regarding the unredacted Air Force documents are mitigated as discussed at the hearing and below. There are two main concerns at the heart of the issue of redaction of the Air Force documents, the privacy and solicitation of non-named residents. Defendants' concern over the current and former residents' privacy interests are primarily mitigated by the parties' agreed upon Protective Order (Doc. 114-1). The proposed confidentiality and protective order sets forth the process by which the parties agree to handle the production and exchange of confidential documents and information that the parties anticipate will be produced in this litigation. For purposes of discovery and preventing the parties from litigating the issue of confidentiality as to each document, the parties' agreement serves a useful purpose. As such, the Court finds good cause to issue the protective order. *See* Fed. R. Civ. P. 26(c)(1).

Regarding Defendants' solicitation concern, as Plaintiffs noted at the hearing, this case is different from the case cited by Defendants, *Stephens v. Erosion Containment Mgmt., Inc.*, No. 8:07-CV-1995-T-30MAP, 2008 WL 2157095, at *1 (M.D. Fla. May 21, 2008). In *Stephens*, the Court denied the plaintiff's motion to compel the defendant to provide the names of potential opt-ins in an FLSA collective action because the requested information was presumably in preparation of notifying potential individuals to opt into the collective action, which the Court

found to be premature before conditional certification. *Id*. In the instant case, Plaintiffs have filed a class action complaint (Doc. 41), which is distinguishable from the FLSA collective action cases where putative class members must opt into the class rather than opt out of it. Furthermore, there is no record of solicitation by Plaintiffs or Plaintiffs' counsel. Most significantly, Plaintiffs' counsel have agreed on the record that they will not solicit any non-clients before the class is certified. Therefore, finding that Defendants' concerns are mitigated by the facts stated above and satisfied with the Air Force's showing of undue burden, the Court's March 4, 2021 Order (Doc. 76) is modified to the extent that the U.S. Air Force is no longer ordered to redact the names of residents from their production.

For the reasons stated at the hearing and above, it is hereby

ORDERED:

1. Defendants' Motion (Doc. 113) is DENIED;

2. Plaintiffs' Motion (Doc. 114) is GRANTED IN PART, and the proposed method by which the parties agree to handle the production and exchange of confidential documents and information (Doc. 114-1) is APPROVED and incorporated herein. Notwithstanding any provision to the contrary, this Court's jurisdiction over and authority to enforce the terms of the agreement shall terminate upon a final determination of this action;

3. The Court's March 4, 2021 Order (Doc. 76) is MODIFIED to the extent that the U.S. Air Force may produce the responsive documents without redactions; and

4. Plaintiffs' Emergency Motion (Doc. 118) is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Tampa, Florida, on this 16th day of December, 2021.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record