UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA LENZ, TRACI LENZ,
JASON NORQUIST, AMIE NORQUIST,
RYAN MORGAN, ERICA MORGAN,
GARY ELBON, KAYLA ELBON, JASON
GENRICH and JENNY GENRICH,
individually and on behalf of all others
similarly situated,

 Plaintiffs,

v.

THE MICHAELS ORGANIZATION, LLC;
MICHAELS MANAGEMENT
SERVICES, INC.; INTERSTATE REALTY
MANAGEMENT COMPANY; AMC EAST
COMMUNITIES, LLC; and CLARK
MACDILL DESIGN BUILD, LLC,

 Defendants.

No. 8:19-cv-02950-TPB-AEP

_____

## UNOPPOSED JOINT PETITION FOR APPROVAL OF MINORS' SETTLEMENTS

**COME NOW**, the Parties,[1] jointly, by and through their respective undersigned counsel, pursuant to all applicable Federal Rules of Civil Procedure, and Florida Statute § 744.387, to hereby request this Court enter an Order approving the global settlement and individual allocations to the minor children of certain of the Plaintiffs and other claimant families as detailed herein, finding that the

---

[1] The "Parties" are, together, Plaintiffs and Defendants in the above-captioned litigation (the "Action"). "Plaintiffs" are Joshua Lenz, Traci Lenz, Jason Norquist, Amie Norquist, Ryan Morgan, Erica Morgan, Gary Elbon, Kayla Elbon, Jason Genrich, and Jenny Genrich. "Defendants" are The Michaels Organization, LLC, Michaels Management Services, Inc., Interstate Realty Management Company (collectively, the "Michaels Defendants"), along with AMC East Communities, LLC, and Clark MacDill Design Build LLC.

settlement is fair and equitable and in the best interests of all minors involved, and in support of the same, state as follows:

## BACKGROUND AND PROCEDURAL POSTURE

1. This litigation was brought by the ten (10) named Plaintiffs, including the eight (8) Plaintiffs who brought claims individually and on behalf of their minor children, alleging that they incurred damages as a result of military housing conditions at MacDill Air Force Base ("MacDill") where they each resided during relevant times in homes built and maintained by Defendants.

2. The Action was brought as a prospective class action. Although a class was never certified, the named Plaintiffs and twelve (12) additional claimant families (collectively, "Claimants"), some of which also have minor children, participated in mediation and settlement negotiations, individually and on behalf of certain of their minor children with claims allegedly arising from the housing at MacDill.

3. On April 1, 2022, with the assistance of neutral mediator Steven R. Jaffe, Esq., an amicable global settlement was reached subject to the execution of a long-form settlement agreement and release, and this Court's approval of any minor settlement payments.

4. The long-form Settlement Agreement and Release ("Settlement Agreement") was signed and executed by Defendants, Plaintiffs, and all Claimants, reaching full execution on or about January 18, 2023.

5. The terms of the Settlement Agreement, including the amount of the total settlement sum to be paid by the Defendants (the "Settlement Sum"), are confidential.

6. The Settlement Agreement provided that the net settlement sum, after the deduction of attorneys' fees and litigation costs ("Net Settlement Sum"), would be apportioned appropriately into allocations for each of the individual named Plaintiffs and Claimants, including certain of their children, totaling twenty-five (25) minors (collectively, "Petitioners").

7. Under the terms of the written contingency fee agreement between the Petitioners and their undersigned counsel, including Berger Montague PC and the Whistleblower Law Firm, the law firms are entitled to reasonable attorneys' fees plus the costs incurred in the investigation and prosecution of the case.

8. The settlement which Petitioners have reached, subject to this Court's approval of minor settlement payments, involves a release and dismissal of all claims by all Plaintiffs and Claimants, including certain of their minor children, against all Defendants in exchange for the payment of the gross Settlement Sum to

be allocated at the discretion of the Settlement Master, as defined in the Settlement Agreement.

9. Under the terms of the Settlement Agreement, the neutral mediator, Steven R. Jaffe, Esq., was appointed to serve as the Settlement Master to review documentation and conferential submissions for each the Petitioners' claims to fully and finally determine fair and appropriate allocations to each from the Net Settlement Sum. In determining the allocations, the Settlement Master was informed by information about each of the Petitioners' claims, as well as personal statements that were supplied by the Petitioners at their option. Neither Plaintiffs' counsel nor Defendants' counsel was then involved in the allocation process undertaken by the Settlement Master, and each of the Petitioners agreed as part of the Settlement Agreement to be bound by the decisions made by the Settlement Master. The Settlement Agreement provides that the Settlement Master will be compensated for an amount not to exceed $10,000 for his time and efforts in reviewing the material submitted and determining appropriate allocations of the Net Settlement Sum.

10. The Settlement Master has since made his determinations as to the allocations that each Petitioner and minor child will receive ("Settlement Master Allocations"), and those allocations have been communicated to the Petitioners.

11. Due to the less involved nature of the minors' claims, no individual minor Petitioner has been allocated an amount exceeding $20,000 net of attorneys' fees and cost, and all but one of the individual minor Petitioners have been allocated an amount less than $15,000.[2]

12. Pursuant to Florida Statute § 744.387(2), due to the amount of the settlement as allocated to each individual minor, a guardian *ad litem* is not required to be appointed by the Court.

13. Per the terms of the Settlement Agreement, the Settlement Master confidentially provided counsel for Defendants an opportunity to review the final allocation amounts determined per Claimant prior to the submission of this Petition.

14. The Settlement Agreement and Settlement Master Allocations are highly confidential and may not be attached as exhibits hereto without violating the terms of the Settlement Agreement and waiving confidentiality. Therefore, the Parties are concurrently moving to submit the Settlement Agreement and the Settlement Master Allocations for *in camera* review by the Court, or, in the alternative, for filing these documents under seal.

15. Alternatively, if this Court were to require the Settlement Agreement to be filed as an attachment to this Petition, the Parties request that the within Petition

---

[2] Moreover, the gross settlement for each of the minor Petitioners is less than $50,000.

not be denied on such basis and that the Parties be permitted to file the agreement under seal pursuant to Local Rule 1.11(e). *Accord Matter of Sarasota Youth Sailing Program, Inc.*, No. 8:21-cv-150-CEH-CPT, 2022 WL 16966609, at *1 (M.D. Fla. Nov. 9, 2022), *report and recommendation adopted sub nom. Sarasota Youth Sailing, Inc. v. Unknown Claimants*, 2022 WL 16950256 (Nov. 15, 2022) ("Sealing of a settlement agreement is unavailable absent an extraordinary justification, such as ... protection of a minor or another especially vulnerable person."); *Riha v. Folk Cnty. School Dist.*, No. 8:17-cv-787-VMC-AAS, (Doc. 77) (M.D. Fla. Nov. 13, 2017) (granting a request to seal a settlement agreement involving a minor).

## **PETITIONERS AND MINORS**

16. Named Plaintiffs and Petitioners JOSHUA LENZ and TRACI LENZ raised claims against Defendants for damages arising from housing conditions individually, and as parents and guardians on behalf of their minor children: G.B.L (age 17); and G.L. (age 6).

17. JOSHUA LENZ and TRACI LENZ signed the Settlement Agreement on their own behalf and on behalf of their minor children, G.B.L., and G.L., and have reviewed the allocation made to their minor children from the Net Settlement Sum, finding it to be fair and equitable compensation to resolve the claims and in the best interest of their minor children.

18. Named Plaintiffs and Petitioners JASON NORQUIST and AMIE NORQUIST raised claims against Defendants for damages arising from housing conditions individually, and as parents and guardians on behalf of their minor children: A.N. (age 16); J.N. (age 8); EL.N. (age 8); and E.N. (age 5).

19. JASON NORQUIST and AMIE NORQUIST signed the Settlement Agreement on their own behalf and on behalf of their minor children, A.N., J.N., EL.N., and E.N., and have reviewed the allocation made to their minor children from the Net Settlement Sum, finding it to be fair and equitable compensation to resolve the claims and in the best interest of their minor children.

20. Named Plaintiffs and Petitioners RYAN MORGAN and ERICA MORGAN raised claims against Defendants for damages arising from housing conditions individually, and as parents and guardians on behalf of their minor children: L.M. (age 10); and S.M. (age 5).

21. RYAN MORGAN and ERICA MORGAN signed the Settlement Agreement on their own behalf and on behalf of their minor children, L.M. and S.M., and have reviewed the allocation made to their minor children from the Net Settlement Sum, finding it to be fair and equitable compensation to resolve the claims and in the best interest of their minor children.

22. Named Plaintiffs and Petitioners GARY ELBON and KAYLA ELBON raised claims against Defendants for damages arising from housing conditions

individually, and as parents and guardians on behalf of their minor children: A.B. (age 15); S.B. (age 13); and A.E. (age 9).

23. GARY ELBON and KAYLA ELBON signed the Settlement Agreement on their own behalf and on behalf of their minor children, A.B., S.B., and A.E., and have reviewed the allocation made to their minor children from the Net Settlement Sum, finding it to be fair and equitable compensation to resolve the claims and in the best interest of their minor children.

24. Claimant and Petitioner SARAH KETTEMAN raised claims against Defendants for damages arising from housing conditions individually, and as parent and guardian on behalf of her minor child: J.T. (age 12).

25. SARAH KETTEMEN signed the Settlement Agreement on her own behalf and on the behalf of her minor child, J.T., and has reviewed the allocation made to her minor child from the Net Settlement Sum, finding it to be fair and equitable compensation to resolve their claims and in the best interest of her minor child.

26. Claimants and Petitioners SETH BRADY and MINDY BRADY raised claims against Defendants for damages arising from housing conditions individually, and as parents and guardians on behalf of their minor child: M.B. (age 14).

27. SETH BRADY and MINDY BRADY signed the Settlement Agreement on their own behalf and on behalf of their minor child, M.B., and have reviewed the allocation made to their minor child from the Net Settlement Sum, finding it to be fair and equitable compensation to resolve the claims and in the best interest of their minor child.

28. Claimants and Petitioners BLAINE JONES and EMELY JONES raised claims against Defendants for damages arising from housing conditions individually, and as parents and guardians on behalf of their minor children: B.J. (age 16); G.J. (age 16); and M.J. (age 10).

29. BLAINE JONES and EMELY JONES signed the Settlement Agreement on their own behalf and on behalf of their minor children, E.J., B.J., G.J., and M.J., and have reviewed the allocation made to their minor children from the Net Settlement Sum, finding it to be fair and equitable compensation to resolve the claims and in the best interest of their minor children.

30. Claimants and Petitioners JAMES MAHONEY and ADRIANA MAHONEY raised claims against Defendants for damages arising from housing conditions individually, and as parents and guardians on behalf of their minor children: R.C. (age 15); E.M. (age 8); P.M. (age 7); and I.M. (age 7).

31. JAMES MAHONEY and ADRIANA MAHONEY signed the Settlement Agreement on their own behalf and on behalf of their minor children,

R.C., E.M., P.M., I.M., and have reviewed the allocation made to their minor children from the Net Settlement Sum, finding it to be fair and equitable compensation to resolve the claims and in the best interest of their minor children.

32. Claimants and Petitioners CHANCE McCURRY and CASEY McCURRY raised claims against Defendants for damages arising from housing conditions individually, and as parents and guardians on behalf of their minor children: K.S. (age 16); K.M. (age 13); and KA.M. (age 10).

33. CHANCE McCURRY and CASEY McCURRY signed the Settlement Agreement on their own behalf and on behalf of their minor children, K.S., K.M., and KA.M., and have reviewed the allocation made to their minor children from the Net Settlement Sum, finding it to be fair and equitable compensation to resolve the claims and in the best interest of their minor children.

34. Claimants and Petitioners MYLES SCHANCK and CAROLINA SCHANCK raised claims against Defendants for damages arising from housing conditions individually, and as parents and guardians on behalf of their minor children: L.S. (age 8); and M.S. (age 6).

35. MYLES SCHANCK and CAROLINA SCHANCK signed the Settlement Agreement on their own behalf and on behalf of their minor children, L.S. and M.S., and have reviewed the allocation made to their minor children from

the Net Settlement Sum, finding it to be fair and equitable compensation to resolve the claims and in the best interest of their minor children.

## **MEMORDAUM OF LAW**

The Court must resolve two issues to approve a settlement agreement concerning a minor's claim: (1) whether the appointment of a guardian *ad litem* is necessary to protect the minor's interests; and (2) whether the settlement agreement is in the best interests of the minor. *L.P. v. School Bd. of Brevard Cty.*, No. 6:19-cv-2308-Orl-37GJK, 2020 WL 7079143, at *2-3 (M.D. Fla. Nov. 18, 2020), *report and recommendation adopted*, 2020 WL 7074537 (Dec. 3, 2020).

Although no minor has been named as a Party to the instant Action, claims were brought on their behalf or which included them within the causes raised by Plaintiffs. Court approval of any settlement involving a child is required under Florida law. The settlement must be for the best interest of the ward. When determining if a settlement agreement should be approved, "[t]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties. The purpose of court approval is to protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *Id.* "'The Court may consider the plaintiffs' claims, the strength of the defendant's defenses, and whether there is any evidence of collusion.'" *St. Fort v. U.S.*, No. 3:20-cv-936, 2022 WL 3136805, at *2

11

(M.D. Fla. June 8, 2022), *report and recommendation adopted*, 2022 WL 3136797 (June 29, 2022) (citation omitted).

In the Eleventh Circuit, "[i]t is well established that '[t]he appointment of a guardian *ad litem* is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure.'" *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (quoting *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 38 (5th Cir. 1958)).[3] This holds true in both cases arising under federal law and diversity cases. *Id.* Rule 17(c) provides in pertinent part that a "court must appoint a guardian *ad litem*--or issue another appropriate order--to protect a minor or incompetent person *who is unrepresented* in an action." Fed. R. Civ. P. 17(c)(2) (emphasis added).

Federal Rule 17(c) does *not* require the court to appoint a guardian *ad litem* when a parent brings an action on its child's behalf. *Burke*, 252 F.3d at 1264 (citing *Croce v. Bromley Corp.*, 623 F.2d 1084, 1093 (5th Cir. 1980)). Indeed, "unless a conflict of interest exists between the representative and minor, a district court need not even consider the question whether a guardian *ad litem* should be appointed. Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." *Id.* (citing *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd* 212 F.3d

---

[3] "[I]f federal law already provides the applicable rule, resort to state law is not necessary." *Meyers v. United States*, No. 6:13-cv-1555-ORL, 2014 WL 5038585, at *3 (M.D. Fla. Sept. 29, 2014).

1338 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c).")); *see also St. Fort*, 2022 WL 3136805, at *2 (finding "no need to appoint a guardian *ad litem*" where the parent of the minors was "also a party to the lawsuit and ha[d] the same interests as her children for the resolution of this case").[4]

Federal law does not establish a standard by which a court may determine whether to approve a settlement reached on behalf of a minor in cases involving claims brought pursuant to federal law. *Meyers v. United States*, No. 6:13-cv-1555-ORL, 2014 WL 5038585, at *2-3 (M.D. Fla. Sept. 29, 2014). Although this case is brought in federal court, this case arises under Florida law and Florida law regarding the approval of a minor's settlement should be relied upon in granting the requested approvals. *Id*. Accordingly, courts in this District have looked to Florida law for guidance in evaluating such settlement agreements. *See Gentry v. Gar Shing Realty Corp.*, No. 6:21-cv-45-JA-LRH, 2021 WL 2827498, at *2 (M.D. Fla. June 22, 2021).

---

[4] *See also, e.g., Plair v. Krystal Co., Inc.*, No. 3:20-cv-1036, 2022 WL 2317382, at *2 (M.D. Fla. April 21, 2022), *report and recommendation adopted*, 2022 WL 2317487 (May 20, 2022); *Perera v. Metropolitan Life Ins. Co.*, No. 3:17-cv-195-J-39, 2020 WL 11272378, at *1 (M.D. Fla. Mar. 26, 2020), *report and recommendation adopted*, 2020 WL 11272377 (Aug. 18, 2020) ("there is no need to appoint a guardian *ad litem* at this time, because there is no reason to believe that there is a conflict between the minor's and her parent's interests, or that the minor is not being adequately represented").

Consistent with stated case authority, the Parties in the instant action agree that Florida law governs their within request for settlement approval.

Under Florida law, the settlement of a matter commenced by or on behalf of a "ward" (*i.e.*, a minor) must be authorized by the court having jurisdiction over the action. Fla. Stat. § 744.387(3)(a); *accord, e.g.*, *St. Fort v. U.S.*, 2022 WL 3136805, at *2. In deciding whether to grant such relief, courts in Florida consider whether the proposed agreement is in "the best interest of the ward," Fla. Stat. § 744.387(1); whether it is fair, adequate, and reasonable, *In re Smith*, 926 F.2d 1027, 1028-29 (11th Cir. 1991) (*per curiam*) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)); and whether it is the product of any collusion between the parties. *Id.* "The Court may authorize the natural guardians to collect the amount of the settlement or judgment and to execute a release or satisfaction." *See Doe v. School Bd. of Brevard Cty.*, No. 6:18-cv-1114-Orl-41TBS, 2019 WL 1547307, at *2 (M.D. Fla. Apr. 1, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 1531923 (Apr. 9, 2019).

Where there is no conflict between the ward and his or her parents, as is the case for each of the minor-Petitioners in the instant Action, there is no need to appoint a guardian *ad litem* under Fed. R. Civ. P. 17(c). *Burke v. Smith*, 252 F.3d. at 1264. The only question is whether the settlement is "fair, adequate, and reasonable and is not the product of collusion between the parties. *Id.*

Although Rule 17 controls this issue of the appointment of a guardian *ad litem*, the undersigned notes that appointment of a guardian *ad litem* under Florida law would be discretionary at most, rather than mandatory, because the value of the gross settlement allocated to each minor is less than $50,000, and in all but three (3) instances is less than $15,000, in which case a guardian *ad litem* would be unwarranted in any event. *See* Fla. Stat. § 744.3025

As discussed above, Petitioners have invested extra oversight and involvement of the disinterested Settlement Master to ensure fairness of each minor settlement allocation, and therefore further represent that appointment of a guardian *ad litem* is not necessary to protect the minors' interests.

Moreover, if a settlement amount per minor-Clamant is less than $15,000—as is the situation here for all but three (3) minors—guardians may consummate a settlement of a claim accruing to their minor children "for damages to the person or property of" the children and may "[c]ollect, receive, manage, and dispose of the proceeds of any settlement." Fla. Stat. § 744.301(2); *see also* Fla. Stat. § 744.387(3)(b) ("In the event of settlement or judgment in favor of the ward or minor, the court may authorize the natural guardians or guardian, or a guardian of the property appointed by a court of competent jurisdiction, to collect the amount of the settlement or judgment and to execute a release or satisfaction.")

Claimants have raised no claims and uncovered no evidence to date that any minors specifically identified herein have suffered any permanent injury as a result of the actions of Defendants. The Petitioners have, among other things, considered the strength of their claims, including the evidence of their claims and the defenses that have been asserted by the Defendants. This includes, among other things, the extensive Affirmative Defenses lodged by the Defendants during the course of this litigation. For example, in the operative Answer filed by the Michaels Defendants, there were a total of 49 defenses raised, including that: Plaintiffs "fail to allege sufficient facts to establish the duty, if any, owed to Plaintiffs;" "Plaintiffs' damages were caused, in whole or in part, as a result of Plaintiffs' own negligence;" "Plaintiffs' fail[ed] to mitigate damages or alleged hazardous conditions;" "Plaintiffs knew about the risk, and voluntarily undertook the risk;" "wrongful acts or omissions of the Michaels Affiliates, if any, were passive and not active, and/or was otherwise not the proximate cause of Plaintiffs' alleged injuries and/or damages." Dkt. 59. These and other defenses poised a significant risk to a successful prosecution of the litigation, and Petitioners' ability to ever obtain a recovery or judgment in this case. For such reasons, courts widely recognize that settlements are "highly favored in the law" because "they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *In re Equifax Customer Data Sec.*

*Breach Litig.*, 999 F.3d 1247, 1257 (11th Cir. 2021) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977)).

As noted above, and as evidence by the accompanying Attestation signed by each of the Petitioners, all Petitioners with minor children covered by the settlement, and after consultation with counsel, believe the settlement and related allocations is a fair and equitable resolution and is in the best interests of each of their minor children covered by the settlement.

**WHEREFORE**, Petitioners specifically named herein, individually and as parents and guardians of minors specifically identified herein, hereby request this Court determine that the minor allocations are just and the settlement agreement is fair and thus approved, and that the Petitioner-parents be authorized and directed to settle the claims with Defendants on behalf of their minor children, as set forth above, and be further directed to execute all papers necessary to complete the compromise of settlement and to accept the proceeds of the compromise.

## L.R. 3.01(G) CERTIFICATION

Berger Montague PC, as counsel for Plaintiffs and Claimants, and Lewis Brisbois Bisgaard & Smith LLP, as counsel for Defendants, hereby jointly certify that the Parties have thoroughly conferred in accordance with L.R. 3.01(g) regarding the subject matter of the instant motion and submit it jointly. The Parties further

certify that this is an agreed and unopposed petition and no Party has any objection to, and instead consents to, the settlement and relief requested herein.

Dated: May 30, 2023                                   Respectfully submitted,

 _/s/ Jacob M. Polakoff_                               _/s/ Lindsay DeCarlo_
Shanon J. Carson                                      John A. Rine
Lane L. Vines                                         Lindsay DeCarlo
Jacob M. Polakoff                                     LEWIS BRISBOIS BISGAARD &
BERGER MONTAGUE PC                                    SMITH LLP
1818 Market Street, Suite 3600                        401 East Jackson Street, Suite 3400
Philadelphia, PA 19103                                Tampa, FL 33602
Telephone: (215) 875-3000                             Telephone: (813) 739-1900
scarson@bm.net                                        john.rine@lewisbrisbois.com
lvines@bm.net                                         lindsay.decarlo@lewisbois.com
jpolakoff@bm.net

*Attorneys for Defendants*

E. Michelle Drake
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 594-5933
emdrake@bm.net

Natalie Khawam
WHISTLEBLOWER LAW FIRM, PA
400 N. Tampa Street, 15th Floor
Tampa, FL 33602
Telephone: (813) 944-7853
nataliek@813whistle.com

*Attorneys for Plaintiffs and Claimants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on May 30, 2023 on all counsel or parties of record.

*/s/ Jacob M. Polakoff*